IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SAMMY SCHULTZ, § | | |
| (TDCJ #1320947) § | | |
| Petitioner, § | | |
| VS. § | CIVIL ACTION NO. H-07-3517 | |
| § | | |
| NATHANIEL QUARTERMAN, § | | |
| Respondent. § | | |

**MEMORANDUM AND OPINION**

Petitioner, Sammy Schultz, moves under 28 U.S.C. § 2254 to challenge a prison disciplinary conviction and resulting punishment. Schultz is serving a five-year prison sentence imposed in 2005 for driving while intoxicated. Schultz does not attack the validity of this conviction or sentence. Rather, he challenges a prison disciplinary proceeding and conviction at the Ferguson Unit of the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID). The respondent has moved for summary judgment, (Docket Entry No. 9), and submitted copies of the disciplinary hearing record and the disciplinary grievance record, along with supporting affidavits. For the reasons explained below, the motion for summary judgment is granted and this case is dismissed by separate order.

**I.   Background**

On June 18, 2007, Schultz was notified that he was being charged with the prison disciplinary offenses of trafficking and trading, a Level 2, Code 15.0 violation of the

TDCJ-CID *Disciplinary Rules and Procedures for Offenders*, and using or possessing tobacco products, a Level 2, Code 16.1 violation. On June 22, 2007, the disciplinary hearing officer found Schultz guilty in disciplinary case number 20070288829. As punishment, Schultz lost 45 days of recreation and commissary privileges, received 45 days of cell restriction, was reduced in line class, from S2 to L1, and lost 30 days of good-time credit.[1] On July 3, 2007, Schultz submitted a step one grievance, which was denied on August 2, 2007. On August 16, 2007, Schultz submitted a step two grievance, which was denied on September 5, 2007. Schultz filed this federal petition on October 11, 2007. He asserts the following claims:

    1.    he was denied the opportunity to present witnesses on his behalf, specifically, an offender named Robinson and another coworker;

    2.    there was insufficient evidence to support a finding of guilt;

    3.    the charging officer's testimony was false;

    4.    the disciplinary hearing officer was biased and partial when he applied an improper standard of guilt to secure a conviction and intentionally upheld the conviction knowing that the charging officer's report was false; and

    5.    he was denied equal protection of the law.

---

[1] The respondent indicates that Schultz's punishment included a reduction in good-time earning class status from SAT 2 to Line 2. The records are unclear as to whether Schultz's good-time earning class status was reduced to Line 1 or Line 2. Schultz states that his good-time earning class status was reduced to Line 1. (Docket Entry Nos. 1 and 2). This difference does not affect the analysis.

The respondent seeks summary judgment on the merits, while noting that only the insufficiency of the evidence claim is exhausted because it was the only ground raised in this federal petition that was also raised in the grievances Schultz filed. The analysis does not turn on the failure to exhaust because an application under section 2254 may be "denied on the merits, notwithstanding the failure of the applicant to exhaust. . . ." 28 U.S.C. § 2254(b)(2).

**II.    Analysis**

In *Wolff v. McDonnell*, 418 U.S. 539, 563–66 (1974), the Supreme Court held that the standards governing disciplinary proceedings depended on the sanction imposed and the consequences. In *Sandin v. Conner*, 515 U.S. 472 (1995), the Supreme Court held that while a state may, under certain circumstances, create liberty interests applicable to a prisoner protected by the Due Process Clause, such interests are generally limited to state-created regulations or statutes that affect the quantity, rather than the quality, of time served by a prisoner. The Due Process Clause does not protect every change in the conditions of confinement that has a substantial adverse effect on a prisoner. *Id.* at 478. A prisoner's loss of good-time credits as a result of punishment for a disciplinary conviction, increasing the sentence beyond the time that would otherwise have resulted from state laws providing mandatory sentence reductions for good behavior, must be accompanied by certain procedural safeguards in order to satisfy due process. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997).

...
Schultz claims that his due process rights were violated by his disciplinary hearing and conviction. To the extent that Schultz attempts to claim a denial of due process based on the loss of privileges and the cell restriction punishments he received, the law bars his claims. The Supreme Court held in *Sandin* that a prisoner who was placed in disciplinary segregation for thirty days, but received no discipline that inevitably affected the duration of his sentence, was not entitled to the due process protections set out in *Wolff*. The loss of commissary and recreation privileges for 45 days and 45 days of cell restrictions did not change the length of Schultz's sentence and are not an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" that gives rise to a due process claim. *Sandin*, 515 U.S. at 484, 486 n.9; *Madison*, 104 F.3d at 767–68.

Nor can Schultz base a due process claim on the reduction in line class. Such a reduction may diminish his ability to earn good-time credits, but that does not rise to a deprivation of a constitutionally-protected liberty interest. *Malchi v. Thaler*, 211 F.3d 953 (5th Cir. 2000); *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995), *cert. denied*, 517 U.S. 1196 (1996) ("the mere opportunity to earn good-time credits" does not constitute a "constitutionally cognizable liberty interest sufficient to trigger the protection of the due process clause").

Schultz did lose 30 days of good-time credit. This loss did not, however, affect his sentence because he was not eligible for release on mandatory supervision under the statute in effect when he committed the underlying offense. Although the conviction for driving

while intoxicated under Section 49.04 of the Texas Penal Code did not in itself bar Schultz from mandatory supervision eligibility, he was previously found guilty of aggravated robbery, a first degree felony.  The mandatory supervision statute in effect when Schultz committed his holding conviction stated that "[a]n inmate may not be released to mandatory supervision if the inmate is serving a sentence for or has been *previously* convicted of . . . a first degree felony under Section 29.03, Penal Code."   TEX. GOV'T CODE ANN. § 508.149(a)(12)(West 2005).   Schultz concedes that he is not eligible for mandatory supervision. (Docket Entry No. 1, Federal Petition, p. 5).  Because Schultz is not eligible for mandatory supervision, he had no federally-protected right to release on mandatory supervision that was affected by the loss of good-time credits.  *Orellana v. Kyle*, 65 F.3d 29 (5th Cir. 1995).

Nor does Schultz present a valid due process claim based on any expectation of an earlier release on parole.  There is no constitutional right to parole at a certain time under Texas law, and no due process claim for a delay in release on parole. *Madison v. Parker*, 104 F.3d 765 (5th Cir. 1997).

Schultz alleges a violation of equal protection but does not allege or identify any basis for this claim.  He does not allege facts showing that he was treated differently than other similarly situated individuals, that he was a member of a protected class, or that his treatment was arbitrary.

Schultz's claims do not present a basis for the relief sought.

### III.     Conclusion

Schultz's challenges to his disciplinary conviction lack merit. The respondent's motion for summary judgment, (Docket Entry No. 9), is granted. Final judgment is entered by separate order. The showing necessary for a Certificate of Appealability is a substantial showing of the denial of a constitutional right. *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000) (citing *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000)). An applicant makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further. *See Finley v. Johnson*, 243 F.3d 2150, 218 (5th Cir. 2001). When a district court has rejected a prisoner's constitutional claims on the merits, the applicant must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. 484. This court will not issue a COA because Schultz has not made the necessary showing.

SIGNED on July 21, 2008, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge